IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **RONALD BEN YOUNG,** | § § § | |
| **Plaintiff,** | § § | CIVIL ACTION NO. 6:22-CV-00272-JCB |
| v. | § § | |
| **MARTIN MARIETTA MATERIALS INC,** | § § § | |
| **Defendant.** | § § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Before the court is Defendant's Martin Marietta, Materials, Inc. ("Defendant") motion to dismiss or, in the alternative, motion for summary judgment. (Doc. No. 4.) Plaintiff Ronald Young filed a response (Doc. No. 8), to which Defendant has filed a reply (Doc. No. 9). For the reasons set forth herein, the court **RECOMMENDS** Defendant's motion (Doc. No. 4) be **GRANTED** and Plaintiff's claims (Doc. No. 1) be dismissed with prejudice.

**BACKGROUND**

In his complaint, Plaintiff alleges that he was employed by Defendant in various positions over a 25-year period. (Doc. No. 1, at 1.) Plaintiff contends that Defendant terminated his employment in January 2021. *Id.* On August 23, 2021, Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") alleging Defendant violated the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act as amended by the ADA Amendments Act ("ADA") when it terminated him. *Id.* at 2, 10–11.

On March 31, 2022, the EEOC provided Plaintiff with notice of the right to sue. *Id.* at 2. Plaintiff filed the instant action against Defendant on July 20, 2022, alleging violations of the ADEA and the ADA. *Id.* at 1.

Defendant filed a motion to dismiss Plaintiff's claims under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that Plaintiff's claims were barred by the 90-day statute of limitations for ADEA and ADA claims because Plaintiff filed the instant action 111 days after receiving notice of the right to sue. (Doc. No. 4, at 1.) In the alternative, Defendant argues that it is entitled to summary judgment under Rule 56 for the same reasons and attaches the EEOC files and the notice of right to sue as evidence of Plaintiff's claims being time barred. (Doc. Nos. 4, at 1; 4-1; 4-2.) Plaintiff contends that he timely filed this action because notice of the right to sue was not postmarked until April 22, 2022. (Doc. No. 8, at 3.) Plaintiff asserts that even if the court assessed the statute of limitations from when the letter was postmarked, not when Plaintiff received it as the law requires, Plaintiff filed within 89 days. *Id.*

Attached to its summary judgment motion, Defendant includes (1) the EEOC file (Doc. No. 4-1), and (2) an affidavit from Mike Birrer (Doc. No. 4-2). As attachments to his complaint, Plaintiff includes (1) his EEOC charge (Doc. No. 1, at 10–11), and (2) the April 18, 2022 EEOC letter, *id.* at 13–15. The relevant evidence is discussed below.

   a. **EEOC File**

The EEOC file contains an email the EEOC sent to Plaintiff's counsel on March 31, 2022, informing her that the EEOC was terminating its investigation of Plaintiff's charge and providing notice that Plaintiff must file a civil suit within 90 days. (Doc. No. 4-1, at 63.) The email informed counsel that she would receive another email when the dismissal and notice of the right to sue was

2

available to download. *Id.* Later that same day, counsel for Plaintiff and Defendant received emails that a new document was available to download. *Id.* at 9–10.

### b. Affidavit of Mike Birrer

In his affidavit, Mike Birrer, counsel for Defendant, avows that he received notice of the right to sue on March 31, 2022. (Doc. No. 4-2, at 1–2.) He asserts that he received an email from the EEOC on March 31, 2022, which informed him that a new document was added to Plaintiff's file. *Id.* at 2. Mr. Birrer maintains that when he clicked on the hyperlink in the email, he downloaded the right-to-sue notice. *Id.* He also attaches the email he received from the EEOC containing the hyperlink to the right-to-sue notice and a copy of the notice. *Id.* at 4–6.

The notice dated March 31, 2022, informed counsel for Plaintiff and Defendant that the EEOC was dismissing Plaintiff's charge and issuing official notice of Plaintiff's right to sue. *Id.* at 6. The notice also informed counsel that if Plaintiff desired to file a civil action, it must be filed within 90 days of receiving the notice. *Id.*

### c. EEOC Charge

On August 23, 2021, Plaintiff filed a charge with the EEOC alleging discrimination by Defendant based on age, disability, and retaliation. (Doc. No. 1, at 10.) The EEOC received Plaintiff's charge on August 24, 2021. *Id.*

### d. April 18, 2022 EEOC Letter

On April 18, 2022, the EEOC sent Plaintiff's counsel a letter informing her that it had issued notice of the right to sue via email on March 31, 2022, but counsel never downloaded it. *Id.* at 14. The EEOC also informed counsel that the 90-day filing period commences when the charging party receives notice of the right to sue. *Id.* The EEOC included the March 31, 2022 notice of the

right to sue in the letter. *Id.* at 15. The letter was mailed to counsel on April 18, 2022 and postmarked on April 22, 2022 but was returned to sender on April 25, 2022. *Id.* at 13–14.

## LEGAL STANDARD

Rule 12(b)(6) provides that a party may move for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In the Fifth Circuit, "a motion to dismiss under [R]ule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). The court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on a Rule 12(b)(6) motion, the court cannot look beyond the complaint and its attachments. *Collins*, 224 F.3d at 498–99.

Under Rule 12(d), however, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Rule 12(d) requires that all parties be given a "reasonable opportunity to present all the material that is pertinent to the motion." In the Fifth Circuit, notice of a court's conversion of a motion to dismiss to a motion for summary judgment is satisfied "if the nonmovant knows that the court *may* convert the motion." *Guiles v. Tarrant Cnty. Bail Bond Bd.*, 456 F. App'x 485, 487 (5th Cir. 2012) (citing *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 195 (5th Cir. 1988)).

A motion for summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56; *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The Supreme Court has interpreted the plain language of Rule 56 as mandating "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex*, 477 U.S. at 323–25). A fact is material if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961. If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075.

If the movant meets this burden, Rule 56 requires the opposing party to go beyond the pleadings and to show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585

(1986); *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

When ruling on a motion for summary judgment, the court is required to view all justifiable inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970); *Merritt-Campbell, Inc.*, 164 F.3d at 961. However, the court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as modified*, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a reasonable jury to return a verdict in the opposing party's favor, there is no genuine issue for trial, and summary judgment must be granted. *Celotex*, 477 U.S. at 322–23; *Anderson*, 477 U.S. at 249–51; *Texas Instruments*, 100 F.3d at 1179.

## DISCUSSION

A plaintiff in an age or disability discrimination case must exhaust administrative remedies before pursuing claims in federal court. *See Smith v. Potter*, 400 F. App'x 806, 811 (5th Cir. 2010). "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996)). "Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'" *Id.* (quoting *Dao*, 96 F.3d at 789).

Under the ADEA and ADA, claimants have 90 days after receiving notice of the right to sue from the EEOC to file a civil action. *January v. Tex. Dep't of Crim. Just.*, 760 F. App'x 296, 299 (5th Cir. 2019); 29 U.S.C. § 626(e) (ADEA); 42 U.S.C. § 12117(a) (incorporating procedures for Title VII to ADA claims). The 90-day limitation period is strictly construed. *See Taylor*, 296

F.3d at 380 (affirming the district court's dismissal of an employment discrimination claim "because [plaintiff] did not file his complaint until . . . one day beyond the ninety-day period"); *see also Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986) ("[Plaintiff]'s suit, filed 92 days after delivery to his designated counsel of the right-to-sue letter, was untimely.").

In his complaint, Plaintiff alleges that "[o]n or about March 31, 2022, the EEOC issued Mr. Young a Notice of Right to Sue." (Doc. No. 1, at 2.) He further alleges that the complaint "has been filed within 90 days of receipt of that notice." *Id.* Plaintiff's complaint lacks any allegations of *when* he received notice of the right to sue. On this basis alone, the court could find it appropriate to dismiss Plaintiff's claims under Rule 12(b)(6).[1] Such conclusory allegations are insufficient for the court to assess whether this action is timely filed and can result in dismissal of Plaintiff's claims. *See Taylor*, 296 F.3d at 379 (finding plaintiff's allegation that he timely filed his complaint without alleging when he received notice of the right to sue was a conclusory allegation that could result in dismissal).

Considering the arguments raised in Defendant's motion and Plaintiff's response, the parties dispute when Plaintiff received notice of the right to sue. (Doc. Nos. 4, at 6–7; 8, at 3.) Because there are no allegations in the complaint regarding when Plaintiff received notice of the right to sue, the court cannot consider the documents attached to Defendant's motion unless the court treats it as a motion for summary judgment. The parties have fully briefed the issue, and the court has received evidence. Plaintiff was on notice that the motion to dismiss could be converted to a motion for summary judgment as Defendant explicitly requested conversion in its motion (Doc. No. 4, at 7–8), and Plaintiff was provided a full opportunity to submit evidence in response

---

[1] Plaintiff has not requested to amend his complaint. If the court dismissed Plaintiff's claims, it would be required grant Plaintiff leave to file an amended complaint. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000). For the reasons identified in the Rule 56 discussion, however, the court finds that amendment of the complaint would be futile. *See id.* at 872–73.

7

to Defendant's motion.[2] The court therefore finds it appropriate to convert Defendant's Rule 12(b)(6) motion to a Rule 56 motion pursuant Rule 12(d).

The undisputed evidence shows that on March 31, 2022, Plaintiff's counsel received an email informing her that the EEOC was terminating its investigation of Plaintiff's charge and providing notice of Plaintiff's right to file a civil action within 90 days. (Doc. No. 4-1, at 63.) The email also informed counsel that she would receive another email when the dismissal and notice of rights was uploaded to the EEOC portal. *Id.* That same day, counsel for Plaintiff and Defendant received emails informing them that a new document was available for download in the EEOC portal. (Doc. Nos. 4-1, at 10; 4-2, at 1–2.)  This document was the official right-to-sue notice. (Doc. No. 4-2, at 1–2, 6.)

It appears that Plaintiff's counsel did not immediately download the right-to-sue notice because, in a letter mailed to counsel on April 18, 2022 and postmarked on April 22, 2022, the EEOC acknowledged that counsel had yet to download the document and was therefore including a copy of the March 31, 2022 right-to-sue notice. (Doc. No. 1, at 13–15.) This letter was returned to the EEOC on April 25, 2022. *Id.* at 13. Plaintiff did not present any evidence of when he actually received notice of the right to sue.

Defendant argues that Plaintiff received notice of the right to sue on March 31, 2022 when the EEOC emailed Plaintiff's counsel the notice to download. (Doc. No. 4, at 6–8.) Defendant therefore contends that Plaintiff's action is untimely because Plaintiff filed it 111 days after receiving notice of the right to sue, outside the 90-day statute of limitations. *Id.* at 6, 8. Plaintiff argues that he did not receive notice until sometime after April 22, 2022, when the EEOC's letter

---

[2] Although Plaintiff opposed the court's consideration of the EEOC file under Rule 12(b)(6) because it was not mentioned in the complaint and central to Plaintiff's claims (Doc. No. 8, at 2), Plaintiff stated no opposition to the file being considered if the court converted the Rule 12(b)(6) motion to a Rule 56 motion.

containing notice of the right to sue was postmarked. (Doc. No. 8, at 3.) Plaintiff therefore asserts that his action is timely because it was filed within 89 days from when the notice was postmarked. *Id.*

Although the parties do not dispute that counsel's receipt of notice was sufficient, the Fifth Circuit has found that the 90-day statute of limitations begins when either the claimant or his attorney receives notice of the right to sue. *Ringgold*, 796 F.2d at 770. Furthermore, although the Fifth Circuit has not addressed the appropriate means by which a claimant or counsel receives notice of the right to sue, other courts have held that the claimant has "90 days to file suit from the date they receive sufficient notice, regardless of the medium in which that notice is conveyed." *Jackson-Pringle v. Wash. Metro. Area Transit Auth.*, No. 20-1880 (JDB), 2022 WL 2982107, at *6 (D.D.C. July 28, 2022); *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 116–17 (3d Cir. 2003) (finding oral notice of the right to sue was insufficient only because claimant was not informed of the 90-day statute of limitations). Courts within the Fifth Circuit have similarly held that when a claimant receives notice that the right to sue has been issued through means other than mail, the 90-day period commences regardless of whether the letter has been received. *Taylor v. Cnty. Bancshares, Inc.*, 325 F. Supp. 2d 755, 764–65 (E.D. Tex. 2004); *Straughn v. Tex. Powertrain Assembly, LLC*, No. 5:13-CV-708-DAE, 2014 WL 5426489, at *6 (W.D. Tex. Oct. 22, 2014); *Hunter–Reed v. City of Hous.*, 244 F. Supp. 2d 733, 741 (S.D. Tex. 2003); *Thornton v. S. Cent. Bell Tel. Co.*, 906 F. Supp. 1110, 1117 (S.D. Miss. 1995).

Accordingly, the court finds that Plaintiff received notice of the right to sue on March 31, 2022 when counsel received an email from the EEOC informing her that it was terminating Plaintiff's investigation and providing notice of Plaintiff's right to sue within 90 days. (Doc. No. 4-1, at 63.) That Plaintiff's counsel did not download the official right-to-sue notice on March 31,

9

2022 does not change the court's analysis because counsel received sufficient notice of the right to sue from the EEOC's email. *See McNaney v. Sampson & Morris Grp., Inc.*, No. 2:21-CV-1809, 2022 WL 1017388, at *4 (W.D. Pa. Apr. 5, 2022) (finding that counsel's failure to download notice of the right to sue did not toll the 90-day statute of limitations). To find otherwise would allow claimants to circumvent the 90-day statute of limitations by waiting until the claimant or his attorney received notice of the right to sue in the mail, despite receiving sufficient notice via other means. Such a finding would be inconsistent with the court's obligation to strictly construe the statute of limitations. *See Taylor*, 296 F.3d at 379–80.

Plaintiff filed the instant action on July 20, 2022, 111 days after receiving notice of the right to sue. Because Plaintiff filed his complaint outside of the 90-day statutory period, his claims are untimely, and Defendant is therefore entitled to summary judgment.

## CONCLUSION

For these reasons, the court **RECOMMENDS** that Defendant's motion (Doc. No. 4) be **GRANTED**, and Plaintiff's claims for discrimination and retaliation under the ADEA and failure to accommodate and retaliation under the ADA (Doc. No. 1) be **DISMISSED** with prejudice.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within 14 days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79

F.3d 1415, 1430 (5th Cir. 1996) (en banc) superseded on other grounds by statute, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 8th day of November, 2022.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE