UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00272

**Ronald Young,**
*Plaintiff,*

v.

**Martin Marietta Materials Inc.,**
*Defendant.*

# ORDER

In this employment-discrimination action, plaintiff alleges age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and disability discrimination in violation of the amended Americans with Disabilities Act ("ADA"). Doc. 1. Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56. Doc. 4. United States Magistrate Judge John D. Love issued a report recommending that defendant's motion for summary judgment be granted and that plaintiff's ADEA and ADA claims be dismissed with prejudice as barred by the statute of limitations. Doc. 10. Plaintiff filed timely objections to the report and recommendation. Doc. 12.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996). The court reviews all unobjected-to portions of the report and recommendation only for clear error or abuse of discretion. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

In his objection, plaintiff argues that no evidence was presented regarding when plaintiff's counsel received the Equal Employment

Opportunity Commission's email containing notice of its issued right-to-sue notice. Doc. 12. Plaintiff contends that, viewing the evidence in the light most favorable to him as the nonmovant, the only reasonable conclusion for the court to draw is that plaintiff did not receive notice of the right to sue on the day the EEOC sent the email. *Id.*

Attached to its Rule 56 motion, defendant presented evidence that on March 31, 2022, the EEOC sent plaintiff's counsel an email informing her that it was terminating its investigation of plaintiff's charge and issuing notice of plaintiff's right to file a civil action within 90 days. Docs. 4-1, 4-2. Plaintiff, despite being on notice that the court could convert defendant's Rule 12(b)(6) motion to a Rule 56 motion, did not provide an affidavit or any other competent evidence asserting that counsel's email address was wrong, that there was a delay in counsel's receipt of the email, that the email went to the wrong email folder, or even that counsel never received the email.

Indeed, as plaintiff contends, the court views the evidence and reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007). But to infer that plaintiff did not receive the email when it was sent—or at all—without any evidence supporting that argument is not a reasonable inference. As the magistrate judge aptly noted, the nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. Doc. 10. The burden was on plaintiff to present "significant probative evidence" that specific facts exist creating a genuine issue for trial. *See Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). Without proof, the court does not assume that the nonmoving party could or would prove the necessary facts. *See McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as modified*, 70 F.3d 26 (5th Cir. 1995). Plaintiff's failure to present evidence indicates that there is not a genuine dispute of material fact about when right-to-sue notice was received. The magistrate judge correctly found that plaintiff filed his civil action outside of the 90-day

statutory deadline. Thus, the court agrees that plaintiff's ADEA and ADA claims should be dismissed with prejudice under Rule 56 as barred by the statute of limitations.

Plaintiff also objects to the magistrate judge's noting that amendment would be futile had plaintiff's claims been dismissed under Rule 12(b)(6). Doc. 12. Because the court converted defendant's Rule 12(b)(6) motion to a Rule 56 motion (Doc. 10), this objection does not change the outcome of the case.

Finally, plaintiff objects to the court's conversion of defendant's Rule 12(b)(6) motion to a Rule 56 motion. Doc. 12. Plaintiff had the opportunity to oppose the court's conversion in his response but did not do so. Doc. 8. The court therefore finds that this objection is waived. *See Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 559 (5th Cir. 2018) (citing *Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994)) (holding that the objecting party forfeited an argument "by raising it for the first time in their objection to the magistrate judge's Report and Recommendation.").

Accordingly, the report and recommendation (Doc. 10) is accepted. Defendant's motion (Doc. 4) is granted. Plaintiff's ADEA and ADA claims are barred by the statute of limitations and dismissed with prejudice.

*So ordered by the court on January 4, 2023.*

J. CAMPBELL BARKER
United States District Judge